[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was tried on the plaintiff's amended complaint date May 17, 1995, which alleged in count one, violation of the Connecticut Unfair Trade Practices Act, in count two, fraud, and, in count three, negligence.
On May 12, 1993, the defendant filed his answer and special defenses which claimed all three counts of the plaintiff's complaint were barred by the statute of limitations.
In April of 1981, the plaintiff, Franklin L. Lord, Jr. was represented by the defendant, Peter Gianacoplos, an attorney, with regard to the leasing of certain premises owned by the plaintiff and located at 26 Williams Avenue in Mystic, Connecticut. CT Page 5956
The defendant represented the plaintiff in the rental of his property and the sale of his business to Eric and Marsha Thompson.
The defendant drafted a lease which was executed by the parties. The lease ran for five years and contained an option to renew for two additional five-year periods. In April of 1986, the lease was renewed through June, 1991.
In March of 1988, the Thompsons indicated to the plaintiff that they wished to assign their lease and sell their business to a third party.
When the Thompsons entered into the lease in 1981 they also bought the business and as part of the consideration executed a promissory note to the plaintiff.
As part of the assignment of lease transaction, the Thompsons paid in full the balance due on said note.
The purchaser of the business and the assignee of the lease was Thomas Maron Lasher. (Lasher)
Lasher was represented by Attorney Peter Hoops who was a member of the defendant law firm.
The plaintiff represented himself at the closing of the assignment of lease. He negotiated all the agreements with the Thompsons and Lasher with regard to same. The plaintiff has a history of representing himself and has done so with regard to a per-nuptial agreement, his divorce trial and an appeal taken therefrom. He has also drafted leases and represented himself with regard to his properties.
The plaintiff produced no records of being billed by the defendant during any part of 1988 or at any time to date of trial. The plaintiff produced no evidence of any payments to the defendant for legal representation during the same period.
The court makes the following express findings:
1. When the plaintiff represented himself at the closing with the Thompsons and Lasher, the defendant was no longer an attorney representing the defendant in any transaction involving CT Page 5957 the lease entered into in 1981 and assigned at said closing.
2. There was no continuing course of conduct between the plaintiff and the defendant during 1988 or since said date.
3. The plaintiff owed no duty to the defendant since the assignment of the lease.
4. Three years had elapsed from the date of the alleged CUTPA violations, the claimed fraud and the purported negligence on the part of the defendant.
The concept of "continuing course of conduct" was set forth in Fichera v. Mine Hill Corp., 207 Conn. 204 (1988). Pursuant toFichera, in order to establish a continuing course of conduct sufficient to toll the statute of limitations, plaintiff must prove that the defendant breached a duty that "remained in existence after the commission of the original wrong related thereto. Id. at 209. Therefore, two criteria must be met:
1. There must be a duty remaining between the plaintiff and the defendant after the original act or omission complained of, (this court finds no such duty existed).
2. The duty must be related to the original act or omission.
The court in Fichera noted, "[w]here we have upheld the finding that a duty continues to exist after the cessation of the "act or omission" relied on, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of the defendant related to the prior act." Id. at 210.
More recently, in S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786
(1993), the Appellate Court reaffirmed this criteria by noting, "the continuous representation rule has been defined as follows: it tolls the statute of limitations or defers accrual of the cause of action while the attorney continues to represent the client and the representations relates to the same transaction or subject matter as the negligent acts. Wall v. Lewis,393 N.W.2d 758, 762 (N.D. 1986)." S.M.S. Textile Mills, Inc., supra, p. 791.
The plaintiff has failed to persuade the court by a preponderance of credible evidence, that he was represented by CT Page 5958 the defendant continuously up to 1991 or that any such representation related to the 1988 assignment of lease.
The acts relating to the plaintiff's three count complaint are alleged to have occurred no later than April of 1988. The plaintiff filed his complaint date February 19, 1993, returnable March 23, 1993, clearly beyond the three year statute of limitations applicable to each count the complaint.
Accordingly, the court, having found the issues for the defendant on his special defenses to each of the plaintiff counts determines that:
(a) The right of action for the cause stated in the first count of the plaintiff's complaint, alleging a CUTPA violation, did not accrue within three years next before the commencement of this action, thus, recovery is barred by Connecticut General Statute Section 42-110g(f).
(b) The right of action for the cause stated in the second count of the plaintiff's complaint, claiming fraud, did not accrue within three years next before the commencement of this action, thus, recovery is barred by Connecticut General Statute Section 52-577.
(c) The right of action for the cause stated in the third count of this plaintiff complaint, purported negligence, did not accrue within three years next before the commencement of this action, thus, recovery is barred by Connecticut General Statute Section 52-577.
This case was fully tried and all parties were heard.
Although the courts finding that the statutes of limitations has time-barred all three-counts of the plaintiff's complaint, the court based on the credible evidence makes the following additional rulings:
(1) The plaintiff has failed to prove by a preponderance of credible evidence that the defendant violated CUTPA.
(2) The plaintiff failed to prove by credible, clear and convincing evidence any act of fraud on the part of the defendant. CT Page 5959
(3) The plaintiff failed to prove by a preponderance of credible evidence any act of negligence on the part of the defendant.
Accordingly, having found that the plaintiff's causes of action are time-barred by the applicable statutes of limitations, judgment may enter for the defendant, Peter S. Gianacoplos, on all three counts of the plaintiff's, Franklin L. Lord, complaint, with costs of suit.
SPALLONE STATE TRIAL REFEREE